UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LYNDON R. BRIGGS,

    Plaintiff,

v.                                                  Case No. 2:13-cv-58
                                                        HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

In July of 2009, plaintiff Lyndon Briggs filed an application for disability and disability insurance benefits, as well as an application for supplemental security income. In these applications, plaintiff maintained that he became disabled in December of 2006. Plaintiff's requests for benefits were denied initially in December of 2009 and then upon reconsideration in May of 2010. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ) which was held in August of 2011. The ALJ found that plaintiff suffered from severe impairments, including depression, diabetes, liver disease and high blood pressure. The ALJ found plaintiff's back and knee problems did not cause plaintiff any work related limitations. The ALJ concluded that plaintiff was not disabled. The Appeals Council denied plaintiff's request for review. Therefore, the ALJ's decision became the final decision of the Commissioner. Plaintiff has challenged that decision in this Court.

The question before the Court is whether or not there is substantial evidence to support the decision of the Commissioner denying plaintiff's request for disability benefits.

Substantial evidence can be "less than a preponderance" but must be adequate for a reasonable mind to accept the ALJ's conclusion. *See Kyle v. Commissioner of Social Security*, 609 F.3d 847, 854 (6th Cir. 2010). The ALJ is not required to discuss every piece of evidence in the administrative record, as long as the ALJ considers all of the claimant's medically determinable impairments. The ALJ's decision must be supported by substantial evidence. It would be difficult indeed for the ALJ to discuss every piece of evidence in the administrative record in this case as the exhibits exceed 1700 pages. Those exhibits establish that plaintiff suffers from a depressive disorder, PTSD, chronic hepatitis, chronic back pain, colon polyps, chronic kidney disease, diabetes, hypertension, alcohol abuse in remission, drug abuse or dependence in remission, and has some history of attempted suicide. Transcript of administrative hearing at pages 1719-1720 (hereinafter Tr. at ___). Plaintiff's liver disease is at stage four, the final stage, but was graded at two, meaning it was in mild activity. Tr. at 1502. The ALJ concluded that plaintiff was exaggerating the seriousness of his liver condition. My review of the record indicates that plaintiff is at stage four, which is the end stage of liver disease. Plaintiff also suffers from Rhabdomyolysis, a condition which causes skeletal muscle tissue to break down rapidly. Tr. at 1672. Plaintiff also suffers from tremors. Tr. at 1672. Neither of these conditions are discussed by the ALJ. Plaintiff suffers from dizziness and falls and also has memory problems. Tr. at 1566, 1717. There is some suggestion in the evidence of record that plaintiff's falls and dizziness may be a result of the drugs he is taking. Tr. at 1566. A review of the record indicates that plaintiff has been prescribed Prinivil, Diabeta, Neurontin, Levitra, Desyrel, Ultram, Lamisil, Zoloft, Nizoral, Hydrochlorothiazide, Flexeril, Cyclobenzaprine HCL, Prednisone, Tamsulosin HCL, Hydrocodone, Propranolol HCL, Allopurinol, Gabapentin Neurontin and

Tramadol HCL. Tr. at 1497-98, 1536, 1577.[1]  Plaintiff's problems with tremors are discussed at Tr. 1675, 1678.  In May of 2012, plaintiff was prescribed Methadone for increased pain.  Tr. at 1707.  Plaintiff apparently suffers from some sleep disorder, which results in fatigue and falling asleep during the day time.  Tr. at 1720.  There is also some suggestion in the record that plaintiff suffers from blurred vision, although there is conflicting evidence on this issue.  The ALJ's decision does not mention plaintiff's tremors, vision problems or sleep problems.  More importantly, the ALJ's decision does not address the medications that plaintiff is taking and the impact those medications might have on his ability to perform work.  Plaintiff is taking narcotic pain killers which certainly must impact his ability to work.[2]

Unfortunately, because of the failure to address some of the issues identified above, I cannot find substantial evidence in the record to support the Commissioner's decision.  It is my recommendation that the matter be remanded to the Commissioner for further consideration of the evidence of record.  This should include an examination of the medications that plaintiff is taking, as well as the side effects of those medications, and the resultant impact on plaintiff's ability to perform work.  Furthermore, consideration should be given to the diagnosis that plaintiff suffers from vision problems, tremors and sleep problems and the impact, if any, these conditions have on

---

[1] I am not a medical professional, however, it seems that a healthy liver would have a difficult time keeping up with all of these medications, let alone an individual who is at stage four of liver disease.

[2] Plaintiff's mother has sent the Court a letter from Oscar Johnson from the VA Medical Center in Iron Mountain, Michigan, indicating that plaintiff is "a fifty one year old insulin dependent diabetic with stage four (end stage) liver disease, decreased kidney function, Hepatitis C, neuropathy to hands and feet, high blood pressure and is suffering with depression.  He has attempted suicide several times and was also diagnosed at those times with anti social behavior and narcissistic personality disorder.  He is in constant pain and is currently on insulin x4 daily, psyche drugs, heart medication, high blood pressure medication and multiple medications for pain.  He has difficulty staying awake and has frequent falls which I suspect may be due to sleep apnea."

plaintiff's ability to work.  My review of the entire medical record leads me to the conclusion that plaintiff is not capable of performing any work which exists in the national economy.  However, it is not this Court's role to act as the fact finder, and in the first instance the Commissioner should be given the opportunity to review all of the evidence and issue a decision based on that evidence.

Accordingly, it is respectfully recommended that this matter be remanded to the Commissioner for further proceedings.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

       /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated:   October 25, 2013